```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
| | |
|---|---|
| ANTONIO SCOTT,<br><br>                    Petitioner,<br><br>       -against-<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 08 Cr. 360 (LAP)<br>16 Civ. 5123 (LAP)<br><br>ORDER |

Loretta A. Preska, Senior United States District Judge:

    On December 2, 2021, the Court denied Antonio Scott's petition pursuant to 28 U.S.C. § 2255 to vacate his 18 U.S.C. § 924(c) conviction based on United States v. Davis, 139 S. Ct. 2319 (2019).  (Dkt. no. 161 in 08-cr-360.)  The Court reasoned that, based on the then binding Court of Appeals decision in United States v. McCoy, 995 F.3d 32 (2021), Mr. Scott's conviction for attempted Hobbs Act robbery qualified as a crime of violence supporting his 924(c) conviction.  Mr. Scott appealed, and while the appeal was pending the Supreme Court issued a decision in United States v. Taylor, 142 S. Ct. 2015 (2022), which involved the question whether attempted Hobbs Act robbery is a crime of violence.  As a result of Taylor, the Supreme Court vacated the Court of Appeals' decision in McCoy on which this Court relied.  See McCoy v. United States, 2022 WL

2295118 (U.S. June 27, 2022). The Court of Appeals subsequently granted a certificate of appealability on the issue whether Mr. Scott's 924(c) conviction "remains supported by any valid crime-of-violence predicate," vacated this Court's order, and remanded to this Court for further proceedings, with the mandate issuing forthwith. (See dkt. no. 166 in 08-cr-360.)

On August 5, 2022, the Court requested that the parties confer and inform the Court how they wish to proceed in light of the Court of Appeals' mandate. (Dkt. no. 167.) On August 17, 2022, the Government requested that the Court hold Mr. Scott's motion in abeyance for 60 days pending a motion for rehearing or rehearing en banc in Savoca v. United States, No. 20-1502 (2d Cir. 2021), an appeal from an order of the district court denying leave to file a second or successive Section 2255 petition. (Dkt. no. 168.)

The Court denies the Government's request to hold this matter in abeyance pending the proceedings in Savoca. The Court of Appeals has already granted Mr. Scott's motion for leave to file a second or successive Section 2255 petition, which remains binding on this Court. (Dkt. no. 136.) And this Court is bound by the Court of Appeals' recent mandate to conduct further proceedings on Mr. Scott's motion. (Dkt. no. 166.) Moreover, it is the Court's understanding based on publicly available BOP records that Mr. Scott is due to be released from prison in June

2

2023, less than a year from now.  Finally, while the Government represented in its August 17 letter than it was to file a response in Savoca by August 29, 2022 (dkt. no. 168), the docket in Savoca indicates that on August 16 the Government filed a motion to extend the time to file its response, which motion was granted by the Court of Appeals on August 17.  See Savoca v. United States, No. 20-1502 (2d Cir.) (Dkt. nos. 96, 100.)  As a result, the Government's response in Savoca is not due until September 12, 2022.  Id.

 Given the Court of Appeals' still binding decision granting Mr. Scott's motion to file this second or successive 2255 petition, this Court's mandate to consider Mr. Scott's 2255 petition forthwith in light of Taylor, and that Mr. Scott has less than a year of imprisonment remaining, the Government's request for a 60-day abeyance (dkt. no. 168) is denied.  Mr. Scott shall file any supplemental submission in support of his 2255 petition within 30 days.  The Government shall have thirty days to respond, and Mr. Scott shall have fourteen days to reply.

To the extent there is a need to supplement the record after briefing has concluded due to a change in law that bears on Mr. Scott's petition, the parties may so inform the Court by letter of no more than two pages.

**SO ORDERED.**

Dated:   New York, New York
         August 18, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge